**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANTELL NEWMAN** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-5681** |
| | : | |
| **ATTORNEY GENERAL OFFICE, *et al.*** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**GOLDBERG, J.** **JANUARY 13, 2022**

Plaintiff Shantell Newman brings this *pro se* civil action against the Attorney General['s] Office and the FBI of Philadelphia (ECF No. 2 at 2.)[1] Newman also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Newman leave to proceed *in forma pauperis* and dismiss the Complaint.

## I. FACTUAL ALLEGATIONS

The gist of Newman's Complaint is that the Defendants are allegedly responsible for wrongfully incarcerating Newman's relative, Josiah Brown.[2] (ECF No. 2 at 4.) The Complaint is best understood as raising claims for civil rights violations based on Brown's alleged wrongful imprisonment. (*Id.*) Newman also claims that "Delaware police" tried to murder her, the FBI conspired to retaliate against her based on an investigation into police brutality, and that unnamed individuals placed her in a "mental hospital to attempt to feed [her] medications" and attempted take her children from her. (*Id.* at 4-5). It appears she contacted the Attorney General's Office

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Newman's relationship to Brown is not clear from Newman's filings. Newman refers to Brown as her "daughter brother" in the Complaint (ECF No. 2 at 4-5). In a handwritten note attached as an Exhibit to the Complaint (ECF No. 2-1 at 3), Newman identifies Brown as her son.

about these matters but "no help was available." (*Id.* at 4.) Based on these allegations, Newman asks the Court to award her one million dollars and to release video "from [her] time being framed" and from Brown's case. (*Id.* at 5; ECF No. 3). She also seeks Brown's immediate release from custody, (ECF No. 4) and the production of video from Brown's criminal case including Brown's "[alleged] confession" (ECF No. 3).

## II. STANDARD OF REVIEW

The Court grants Newman leave to proceed *in forma pauperis* because it appears Newman is incapable of prepaying the fees to commence this civil action.[3] Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of

[3] Although Newman provided minimal information in her *in forma pauperis* application, the Court exercises its discretion in granting Newman's application based on, *inter alia*, the number of dependents identified by Newman and Newman's enumerated monthly expenses versus income. (ECF No. 1 at 3-5).

standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III. DISCUSSION

### A. Claims Brought on Behalf of Josiah Brown

Newman is, in part, attempting to bring a claim based on harm suffered by Brown. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent herself pro se, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).

Accordingly, the Court must dismiss any claims raised on behalf of Brown or seeking relief based on harm that occurred to Brown (or other individuals) because Newman lacks standing to pursue claims on Brown's behalf. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their*

*Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

**B. Newman's Claims**

To the extent Newman raises claims on her own behalf, the Court cannot discern a factual or legal basis for a claim against the Defendants. Liberally construing the Complaint, the Court understands Newman to be alleging violations of her civil rights in connection with a conspiracy by the FBI, Delaware police, and unnamed entities to murder her and retaliate against her in a variety of ways including feeding her medication based on her investigation of police brutality. These factually frivolous allegations do not plausibly state a claim. Accordingly, the Court will dismiss Newman's claims, without leave to amend, as factually baseless. *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior).

Moreover, to the extent Newman's Complaint can be construed as alleging a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which provides a basis for

constitutional claims against federal actors in limited contexts,[4] such a claim is legally baseless. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). For that reason, "[a] *Bivens* action is not available against the United States or one of its agencies." *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (*per curiam*). Accordingly, there is no legal basis for a *Bivens* claim against the Defendants, both of which are federal offices or agencies. Nor can the Court discern any other basis for a claim here against the named Defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Newman leave to proceed *in forma pauperis* and dismiss the Complaint. Any claims raised on behalf of Brown or others are dismissed without prejudice for lack of standing because Newman cannot prosecute claims on their behalf. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). To the extent the Complaint raises claims on Newman's behalf, those claims are dismissed as factually and legally frivolous. The Court concludes that amendment would be futile. An appropriate Order follows.

---

[4] Because expanding *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), a "rigorous inquiry . . . must be undertaken before implying a *Bivens* cause of action in a new context or against a new category of defendants." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017).